UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

KEVIN ESPINAL,

                                 PLAINTIFF,

               -AGAINST-

NEW YORK CITY, POLICE OFFICER GENARO
BARREIRO, POLICE OFFICER MICHAEL
GAGLIARDI, and SERGEANT ROBERT RIVIELLO,
individually, and in their capacity as members of the New
York City Police Department,

                                DEFENDANTS.

---------------------------------------------------------------- x

**AMENDED COMPLAINT**

**14-CV-6006 (FB)(JO)**

FILED Rec'd 3/11/15
CLERK
2015 MAR 11 PM 4:08
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Kevin Espinal ("Mr. Espinal") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about May 17, 2014, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Espinal to *inter alia* excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Espinal, is 23-years-old student and at all times here relevant resided at 85 Holland Avenue, Apartment 10 J, Staten Island, NY 10303.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Genaro Barreiro ("PO Barreiro"), Police Officer Michael Gagliardi ("PO Gagliardi"), and Police Sergeant Robert Riviello ("Sgt. Riviello") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Espinal is a college student and has started his own line of clothing, which he sells to friends and family.

11. On or about May 17, 2014, Mr. Espinal was selling a pair of shorts to his friend Tyrese.

12. Tyrese gave Mr. Espinal a ride in his car to Mr. Espinal's apartment to pick up the shorts.

13. Mr. Espinal picked up the shorts from his apartment and got back into Tyrese's car to give him the shorts.

14. PO Barreiro and Sgt. Riviello then approached the car.

15. Mr. Espinal and Tyrese got out of the car.

16. The police officers searched Mr. Espinal.

17. Mr. Espinal had a small bag of marijuana in his pocket.

18. Mr. Espinal was arrested.

19. Mr. Espinal informed the police officers that he suffered from a shoulder injury from playing basketball.

20. The police officers pulled violently on Mr. Espinal's arm causing severe pain to his shoulder

21. Mr. Espinal begged the police officers not to hurt his shoulder.

22. Mr. Espinal tried to move his arm to relieve the pain to his shoulder.

23. One of the police officers then tackled Mr. Espinal to the ground and jumped on top of him.

24. Several other officers then jumped on top of Mr. Espinal, including PO Barreiro and Sgt. Riviello.

25. The police officers forcefully kneed Mr. Espinal in his neck and back.

26. The police officers hit Mr. Espinal in his jaw, cracking his tooth.

27. Mr. Espinal's face was scraped on the ground.

28. While on the floor, the police officers attempted to plant marijuana on Mr. Espinal's person.

29. One of the police officers improperly touched Mr. Espinal while he was on the ground.

30. Mr. Espinal was handcuffed behind his back and put in a police car.

31. PO Gagliardi then punched Mr. Espinal in his face.

32. Mr. Espinal was taken to the 121 Precinct.

33. While at the precinct Mr. Espinal requested medical attention for his injuries.

34. Mr. Espinal was taken to Richmond Medical Center.

35. Mr. Espinal was then taken back to the precinct, where he was held overnight.

36. The next day Mr. Espinal was arraigned and pled guilty to Disorderly Conduct.

37. Mr. Espinal went to hospital the next day to receive treatment for his injuries.

38. Mr. Espinal continues to feel traumatized by the events of May 2014, and is wary and fearful when he sees police officers.

39. Mr. Espinal takes efforts to avoid police officers when in public.

40. Mr. Espinal suffered physical injuries as a result of this incident, including a cracked tooth, shoulder pain, migraines and cuts, scrapes and bruising to his face, hands, arms, legs and torso.

41. Mr. Espinal suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, and anxiety.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

42. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

43. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

44. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

45. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

46. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         March 10, 2015

By: _____
    Malcolm Anderson (MA 4852)

    PetersonDelleCave LLP
    Attorney for Plaintiff
    233 Broadway, Suite 1800
    New York, NY 10279
    (212) 240-9075